# UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MARK S. SOKOLSKY,<br><br>          Plaintiff,<br><br>     v.<br><br><br><br><br><br>CHRISTINE MATIVO, et al.,<br><br>          Defendants. | Case No.  1:13-cv-02044 LJO DLB PC<br><br>ORDER REGARDING PLAINTIFF'S MOTION FOR SANCTIONS<br>[ECF No. 35]<br><br>ORDER SUBSTITUTING DEFENDANT AUDREY KING (EXECUTIVE DIRECTOR OF COALINGA STATE HOSPITAL) AND DEFENDANT JEANNIE PORTER (DIRECTOR OF DIETETICS AT COALINGA STATE HOSPITAL)<br><br>ORDER DIRECTING DEFENDANTS KING AND PORTER TO SHOW CAUSE WHY SANCTIONS SHOULD NOT BE IMPOSED FOR FAILURE TO FILE ANSWER<br><br>ORDER DISMISSING DEFENDANTS WINTHROW AND COYNE FROM THE ACTION<br><br>[TEN DAY DEADLINE] |

Plaintiff Mark S. Sokolsky, a civil detainee proceeding pro se and in forma pauperis, filed this civil rights action pursuant to 42 U.S.C. § 1983 on December 16, 2013.  This action is proceeding on Plaintiff's Second Amended Complaint ("SAC") filed on February 4, 2016.

On September 17, 2015, the Court issued an order directing the U.S. Marshal Service to serve the First Amended Complaint on Defendants Bigot, Bowley, Domrese, King, and Mativo.

On December 4, 2015, Defendants Mativo and King executed waivers of service. Therefore, their answers were due on February 2, 2016. On December 18, 2015, Defendants Bigot and Bowley executed waivers of service, and their answers were due on February 16, 2016. To date, a waiver of service has not been returned by Defendant Domrese and there is no indication that she has been served.

On January 14, 2016, Plaintiff filed a motion to amend the First Amended Complaint in order to substitute proper parties. Plaintiff noted that he had sued Defendants in their official capacities and that their successors should be substituted in the action. Plaintiff lodged the proposed Second Amended Complaint on February 4, 2016. The Court granted the motion on February 5, 2016, and directed the Clerk of Court to amend the docket insofar as the successors are automatically substituted as parties under Fed. R. Civ. P. 25(d)(1). Accordingly, Defendant Coyne was substituted for Defendant Mativo, Defendant Withrow[1] was substituted for Defendant King, Defendant Meek[2] was substituted for Defendant Bowley, and Defendant Bonsu was substituted for Defendant Bigot, according to Plaintiff's motion.

On March 11, 2016, the Court ordered Defendants Coyne, Withrow, Meek, and Bonsu to file an answer to the SAC within ten days of the date of service of the order. On March 21, 2016, Defendants Bonsu and Meek duly filed their answers. Defendants Coyne and Withrow did not. According to Counsel for Defendants Bonsu and Meek, Defendants Coyne and Withrow are not in the positions named in the SAC as alleged by Plaintiff, insofar as they did not succeed named Defendants Mativo and King. Counsel for Defendants stated she did not secure requests for representation from these individuals; therefore, an answer was not being filed on their behalf at that time.

On April 11, 2016, Plaintiff filed a motion for sanctions against Defendants Coyne and Withrow for failure to file an answer as directed by the Court. Plaintiff argues that Defendants failed to file their answers within the ten days as ordered by the Court. Defendants did not file

---

[1] The Court directed Defendant Winthrow to file an answer per Plaintiff's motion, but Counsel for Defendants notes that the correct spelling is Withrow.
[2] The Court directed Defendant Meeks to file an answer per Plaintiff's motion, but Counsel for Defendants notes that the correct spelling is Meek.

an opposition.

To date, Defendants Coyne and Withrow have not filed answers to the SAC. As to Defendant Coyne, Counsel for Defendants state Coyne is not in the position of Director of Dietetics as stated by Plaintiff. Rather, Jeannie Porter is currently the Director of Dietetics. Regardless of who is currently the Director of Dietetics, the former Director, Defendant Mativo, was served and executed a waiver of service. Pursuant to Fed. R. Civ. P. 25(d)(1), the successor to a party who is a public officer who is being sued in his/her official capacity is "automatically substituted as a party. Later proceedings should be in the substituted party's name, but any misnomer not affecting the parties' substantial rights must be disregarded." Further, while the "court may order substitution at any time, . . . the absence of such an order does not affect the substitution."

Here, Defendant Mativo was served in her official capacity as Director of Dietetics at Coalinga State Hospital. Her answer was due on February 2, 2016. Defendant Jeannie Porter was automatically substituted when she succeeded as Director of Dietetics. Therefore, her answer was due on February 2, 2016.

Defendant King was served in her official capacity as Executive Director of Coalinga State Hospital. Plaintiff requested substitution procedurally for Defendant King, asserting that Defendant Withrow had succeeded to her office. Counsel for Defendants state that Defendant King was Executive Director at the time the complaint was filed, that Withrow was the Acting Executive Director from August 3, 2015, to January 25, 2016, but that Defendant King has succeeded to the office again and is currently Executive Director. Her answer was due on February 2, 2016. She failed to file an answer by February 2, 2016, and she again failed to file an answer as ordered by the Court on March 11, 2016.

**ORDER**

Based on the foregoing, IT IS HEREBY ORDERED:

1) AUDREY KING is procedurally SUBSTITUTED back in as Executive Director of Coaling State Hospital;

2) JEANNIE PORTER is procedurally SUBSTITUTED in as Director of Dietetics of

Coalinga State Hospital;

3) Defendants KING and PORTER are DIRECTED TO SHOW CAUSE within ten (10) days why sanctions should not be imposed for failure to timely file an answer; and

4) Defendants WINTHROW and COYNE are DISMISSED from the action.

Failure to comply with the Court's order will result in sanctions.

IT IS SO ORDERED.

Dated:   **May 24, 2016**                              **/s/ Sandra M. Snyder**
                                                                       UNITED STATES MAGISTRATE JUDGE

4