UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MARK SOKOLSKY,<br><br>        Plaintiff,<br><br>   vs.<br><br>STATE OF CALIFORNIA, et al.,<br><br>        Defendants. | 1:13-cv-02044-LJO-GSA-PC<br><br>ORDER DENYING PLAINTIFF'S MOTIONS FOR PRELIMINARY INJUNCTIVE RELIEF AND PUNITIVE SANCTIONS<br>(ECF Nos. 49, 54.) |

## I.      BACKGROUND

Plaintiff is a civil detainee proceeding pro se in a civil rights action pursuant to 42 U.S.C. § 1983.  This case now proceeds on Plaintiff's Second Amended Complaint, filed on February 4, 2016, against defendants Domrese, King, Meek, Porter, and Bonsu for denial of free exercise of religion under the First Amendment and violation of RLUIPA; and defendants Domrese, King, Porter, and Bonsu for violation of due process for conditions of confinement. (ECF No. 30.)

On August 12, 2016, Plaintiff filed a motion for punitive sanctions against Defendants. (ECF No. 49.)  On September 14, 2016, Plaintiff filed a motion for a temporary restraining order and permanent injunction.  (ECF No. 55.)  Plaintiff's motions are now before the Court.

## II.    DISCUSSION

Plaintiff seeks a court order compelling Defendants to return his items of personal property.  Plaintiff claims that since 2014, Defendants have taken his computer, SD cards, and two flash drives, and threatened to take his bass guitar amplifier if he does not ship it out or donate it to the State.  Plaintiff argues that his Fourth Amendment rights against unreasonable search and seizure, and his rights to privacy are being violated.  Plaintiff also asserts that he is being retaliated against for filing this case, terrorized, and discriminated against because he is Jewish.  Plaintiff seeks punitive damages and return of his computer, SD cards, hard drives, and digital media.  Further, Plaintiff requests the Court to "strike the regulations at issue herein as arbitrary and capricious, in violation of the First and Fourteenth Amendments to the Constitution of the United States."  (ECF No. 54 at 15.)

The Court construes Plaintiff's September 14, 2016 motion as a motion for preliminary injunctive relief.

### Preliminary Injunctive Relief

The purpose of a preliminary injunction is to preserve the status quo if the balance of equities so heavily favors the moving party that justice requires the court to intervene to secure the positions until the merits of the action are ultimately determined.  University of Texas v. Camenisch, 451 U.S. 390, 395 (1981).  A preliminary injunction is available to a plaintiff who "demonstrates either (1) a combination of probable success and the possibility of irreparable harm, or (2) that serious questions are raised and the balance of hardship tips in its favor." Arcamuzi v. Continental Air Lines, Inc., 819 F. 2d 935, 937 (9th Cir. 1987).  Under either approach the plaintiff "must demonstrate a significant threat of irreparable injury."  Id.  Also, an injunction should not issue if the plaintiff "shows no chance of success on the merits."  Id. At a bare minimum, the plaintiff "must demonstrate a fair chance of success of the merits, or questions serious enough to require litigation."  Id.

Federal courts are courts of limited jurisdiction, and as a preliminary matter, the court must have before it an actual case or controversy.  City of Los Angeles v. Lyons, 461 U.S. 95, 102, 103 S.Ct. 1660, 1665 (1983); Valley Forge Christian Coll. v. Ams. United for Separation

of Church and State, Inc., 454 U.S. 464, 471, 102 S.Ct. 752, 757-58 (1982); Jones v. City of Los Angeles, 444 F.3d 1118, 1126 (9th Cir. 2006).  If the court does not have an actual case or controversy before it, it has no power to hear the matter in question.  Id.  Thus, "[a] federal court may issue an injunction [only] if it has personal jurisdiction over the parties and subject matter jurisdiction over the claim; it may not attempt to determine the rights of persons not before the court."  Zepeda v. United States Immigration Service, 753 F.2d 719, 727 (9th Cir. 1985).

The relief requested by Plaintiff is not available in this case because the Court lacks jurisdiction to grant such relief in this case.  The relief Plaintiff seeks would not address Plaintiff's claims for violation of the First Amendment, RLUIPA, and due process which are the basis of this action.  This case arises from events occurring before this case was filed on December 16, 2013, concerning Plaintiff's rights to practice his Jewish religion and the denial of medically appropriate food.  This case does not concern events occurring in 2004 or after. Therefore, Plaintiff's motion for preliminary injunctive relief and motion for punitive sanctions must be denied.

## III.   CONCLUSION

Based on the foregoing, IT IS HEREBY ORDERED that:

1.      Plaintiff's motion for preliminary injunctive relief, filed on September 14, 2016, is DENIED for lack of jurisdiction; and

2.      Plaintiff's motion for punitive sanctions, filed on August 12, 2016, is DENIED.

IT IS SO ORDERED.

Dated:   **October 31, 2016**                    **/s/ Gary S. Austin**
                                                    UNITED STATES MAGISTRATE JUDGE