UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MARK S. SOKOLSKY,<br><br>        Plaintiff,<br><br>    vs.<br><br>STATE OF CALIFORNIA, et al.,<br><br>        Defendants. | 1:13-cv-02044-LJO-GSA-PC<br><br>ORDER GRANTING MOTION TO MODIFY SCHEDULING ORDER (ECF No. 55.)<br><br>ORDER EXTENDING DEADLINE FOR PARTIES TO FILE DISPOSITIVE MOTIONS<br><br>**New Dispositive Motions Filing Deadline:**<br><br>**January 30, 2017** |

## I. BACKGROUND

Plaintiff is a civil detainee proceeding *pro se* in a civil rights action pursuant to 42 U.S.C. § 1983. This case now proceeds on Plaintiff's Second Amended Complaint, filed on February 4, 2016, against defendants Domrese, King, Meek, Porter, and Bonsu for denial of free exercise of religion under the First Amendment and violation of RLUIPA; and defendants Domrese, King, Porter, and Bonsu for violation of due process for conditions of confinement. (ECF No. 30.)

On April 4, 2016, the Court issued a Scheduling Order establishing pretrial deadlines for the parties, including a deadline of August 29, 2016 to complete discovery and a deadline of October 28, 2016 to file dispositive motions. (ECF No. 34.) On August 22, 2016, the discovery deadline was extended to September 29, 2016. (ECF No. 50.) On October 21, 2016, Defendants filed a motion to modify the Scheduling Order to extend the dispositive motions deadline. (ECF No. 55.) Plaintiff has not opposed the motion.

## II. MOTION TO MODIFY SCHEDULING ORDER

Modification of a scheduling order requires a showing of good cause, Fed. R. Civ. P. 16(b), and good cause requires a showing of due diligence, Johnson v. Mammoth Recreations,

Inc., 975 F.2d 604, 609 (9th Cir. 1992).  To establish good cause, the party seeking the modification of a scheduling order must generally show that even with the exercise of due diligence, they cannot meet the requirement of the order.  Id.  The Court may also consider the prejudice to the party opposing the modification.  Id.  If the party seeking to amend the scheduling order fails to show due diligence the inquiry should end and the Court should not grant the motion to modify.  Zivkovic v. Southern California Edison, Co., 302 F.3d 1080, 1087 (9th Cir. 2002).

Defendants request an extension of the dispositive motions deadline until January 30, 2017.  Defendants assert that they took Plaintiff's deposition on September 19 and 25, 2016, but they have not received the deposition transcript.  (Ray Decl., ¶¶2, 3.)  Defendants argue that without the benefit of the transcript any dispositive motion by Defendants would be hampered by failing to point to admissible evidence.  (Id. ¶4.)

The Court finds good cause to extend the dispositive motions deadline until January 30, 2017.  Defendants have shown evidence that they were diligent in attempting to complete discovery before the deadline expired, but until they have received the deposition transcript, they cannot complete their dispositive motion.  Therefore, Defendants' motion to modify the Scheduling Order shall be granted.

## III. CONCLUSION

Based on the foregoing, IT IS HEREBY ORDERED that:

1. Defendants' motion to modify the court's Scheduling Order, filed on October 21, 2016, is GRANTED; and
2. The deadline for the parties to file pretrial dispositive motions is extended from October 28, 2016 to **January 30, 2017**.

IT IS SO ORDERED.

Dated:   **November 21, 2016**              **/s/ Gary S. Austin**
                                     UNITED STATES MAGISTRATE JUDGE