UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MARK S. SOKOLSKY,<br><br>　　　　Plaintiff,<br><br>　　vs.<br><br>STATE OF CALIFORNIA, et al.,<br><br>　　　　Defendants. | 1:13-cv-02044-LJO-GSA-PC<br><br>ORDER GRANTING SECOND MOTION TO MODIFY SCHEDULING ORDER (ECF No. 62.)<br><br>ORDER GRANTING MOTION FOR EXTENSION OF TIME TO RESPOND TO MOTION FOR SUMMARY JUDGMENT, NUNC PRO TUNC<br><br>ORDER EXTENDING DEADLINE FOR PARTIES TO FILE DISPOSITIVE MOTIONS<br><br>**New Dispositive Motions Filing Deadline:**<br><br>**March 31, 2017** |

**I.　　BACKGROUND**

　　Plaintiff is a civil detainee proceeding *pro se* in a civil rights action pursuant to 42 U.S.C. § 1983. This case now proceeds on Plaintiff's Second Amended Complaint, filed on February 4, 2016, against defendants Domrese, King, Meek, Porter, and Bonsu ("Defendants") for denial of free exercise of religion under the First Amendment and violation of RLUIPA; and defendants Domrese, King, Porter, and Bonsu for violation of due process for conditions of confinement. (ECF No. 30.)

1

The court issued a discovery and scheduling order on April 4, 2016, setting out deadlines for the parties, including a discovery deadline of August 29, 2016, and a dispositive motions deadline of October 28, 2016. (ECF No. 34.) On August 22, 2016, on Defendants' motion, the discovery deadline was extended to September 29, 2016. (ECF No. 50.)

On October 21, 2016, Defendants filed a motion for extension of the dispositive motions deadline on the ground that Defendants had not received Plaintiff's deposition transcript. (ECF No. 55.) On November 21, 2016, Defendants' motion was granted, and the dispositive motions deadline was extended to January 30, 2017. (ECF No. 60.)

On August 29, 2016, Plaintiff filed a motion to extend discovery, due to Plaintiff's observance of high holidays. (ECF No. 51.) On October 27, 2016, Plaintiff's motion was denied. (ECF No. 58.)

On January 13, 2017, Defendants filed a motion to extend the dispositive motions deadline and for an extension of time to respond to Plaintiff's motion for summary judgment. (ECF No. 55.) On January 23, 2017, Plaintiff filed an opposition to the motions. (ECF No. 63.) Defendants' motion is now before the court.

## II. MOTION FOR MODIFICATION OF SCHEDULING ORDER AND EXTENSION OF TIME

### A. <u>Legal Standards</u>

"When an act may or must be done within a specified time, the court may, for good cause, extend the time." Fed. R. Civ. P. 6(b)(1). Good cause to modify a scheduling order requires a showing of due diligence, <u>Johnson v. Mammoth Recreations, Inc.</u>, 975 F.2d 604, 609 (9th Cir. 1992). To establish good cause, the party seeking the modification of a scheduling order must generally show that even with the exercise of due diligence, they cannot meet the requirement of the order. <u>Id.</u> The Court may also consider the prejudice to the party opposing the modification. <u>Id.</u> If the party seeking to amend the scheduling order fails to show due diligence the inquiry should end and the Court should not grant the motion to modify. <u>Zivkovic v. Southern California Edison, Co.</u>, 302 F.3d 1080, 1087 (9th Cir. 2002).

///

### B. <u>Parties' Positions</u>

Defendants request another modification of the court's scheduling order issued on April 4, 2016, to extend the dispositive motions deadline from January 30, 2017, to March 31, 2017. Defendants also request an extension of time to respond to Plaintiff's motion for summary judgment, which was filed on December 23, 2016. Defendants assert that while they received a draft of Plaintiff's deposition transcript mid-November 2016, they were unable to begin drafting their motion for summary judgment or their opposition to Plaintiff's motion for summary judgment due to defense counsel's illness in December 2016. Defendants also argue that additional time is needed due to the complexity of Plaintiff's claims.

In opposition, Plaintiff argues that defense counsel's illness is not a valid reason for the court to extend the dispositive motions deadline because when Plaintiff underwent surgical procedures the court would not grant him an extension of discovery on the grounds of sickness and surgery. Plaintiff also argues that because he has already filed his summary judgment motion on the grounds that there are no material facts in dispute, the Defendants then cannot also claim there are no material facts in dispute for denial of the same relief. Plaintiff also asserts that Defendants misstate background information[1] in their motion and attribute legal claims to Plaintiff that he never made.

### C. <u>Discussion</u>

The Court finds good cause to extend the dispositive motions deadline to March 31, 2017. Defendants have shown evidence that they were diligent in attempting to prepare their motion for summary judgment.

For the same reasons, the court also finds good cause to grant Defendants an extension of time to file their opposition to Plaintiff's motion for summary judgment. The motion for extension of time shall be granted nunc pro tunc, in light of the fact that Defendants filed their opposition on February 28, 2017. (ECF No. 65.)

---

[1] For example, Plaintiff claims that Defendants erroneously assert that Plaintiff served his motion for summary judgment on Defendants by mail, when in fact Plaintiff mailed the motion to the court and it was served on Defendants electronically by the court.

**III.   CONCLUSION**

Based on the foregoing, IT IS HEREBY ORDERED that:

1. Defendants' motion to modify the court's scheduling order, filed on January 13, 2017, is GRANTED;
2. The deadline for the parties to file pretrial dispositive motions is extended from January 30, 2017 to **March 31, 2017**;
3. Defendants' motion for extension of time to file their opposition to Plaintiff's motion for summary judgment of December 23, 2016, is GRANTED nunc pro tunc.

IT IS SO ORDERED.

Dated:   **March 31, 2017**                    **/s/ Gary S. Austin**
                                                    UNITED STATES MAGISTRATE JUDGE