UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MARK S. SOKOLSKY,<br><br>　　　　Plaintiff,<br><br>　vs.<br><br>STATE OF CALIFORNIA, et al.,<br><br>　　　　Defendants. | 1:13-cv-02044-LJO-GSA-PC<br><br>**NOTICE AND WARNING OF REQUIREMENTS FOR OPPOSING DEFENDANTS' MOTION FOR SUMMARY JUDGMENT**<br><br>(ECF No. 68.) |

　　　Plaintiff is a civil detainee proceeding *pro se* in a civil rights action pursuant to 42 U.S.C. § 1983.  This case now proceeds on Plaintiff's Second Amended Complaint, filed on February 4, 2016, against defendants Domrese, King, Meek, Porter, and Bonsu ("Defendants") for denial of free exercise of religion under the First Amendment and violation of RLUIPA; and defendants Domrese, King, Porter, and Bonsu for violation of due process for conditions of confinement.  (ECF No. 30.)  On March 30, 2017, Defendants filed a motion for summary judgment.  (ECF No. 68.)

　　　In the Ninth Circuit, when the plaintiff is a prisoner proceeding pro se in a civil rights case, and a defendant files a motion for summary judgment, the defendant or the court is required to provide plaintiff with a Notice and Warning informing the plaintiff of his or her rights and responsibilities in opposing the motion for summary judgment.  Woods v. Carey,

684 F.3d 934 (9th Cir. 2012).  Here, Plaintiff is not a prisoner.[1]  Nevertheless, the Court shall, by this order, provide Plaintiff with the Notice and Warning.

**NOTICE AND WARNING OF REQUIREMENTS FOR OPPOSING DEFENDANTS' MOTION FOR SUMMARY JUDGMENT**

**_RAND_ WARNING**

**The defendants have made a motion for summary judgment by which they seek to dispose of your case. A motion for summary judgment under Rule 56 of the Federal Rules of Civil Procedure will, if granted, end your case.**

**Rule 56 tells you what you must do in order to oppose a motion for summary judgment.  Generally, summary judgment must be granted when there is no genuine issue of material fact— that is, if there is no real dispute about any fact that would affect the result of your case, the party who asked for summary judgment is entitled to judgment as a matter of law, which will end your case.  When a party you are suing makes a motion for summary judgment that is properly supported by declarations (or other sworn testimony), you cannot simply rely on what your complaint says. Instead, you must set out specific facts in declarations, depositions, answers to interrogatories, or authenticated documents, as provided in Rule [56(c)],[2] that contradict the facts shown in the defendant's declarations and documents and show that there is a genuine issue of material fact for trial. If you do not submit your own evidence in opposition, summary judgment, if appropriate, may be entered against you.  If summary judgment is granted, your case will be closed and there will be no trial.**

---

[1] "[O]nly individuals who, at the time they seek to file their civil actions, are detained as a result of being accused of, convicted of, or sentenced for criminal offenses are "prisoners" within the definition of 42 U.S.C. § 1997e and 28 U.S.C. § 1915.  Page v. Torrey, 201 F.3d 1136, 1140 (9th Cir. 2000).

[2] The substance of Rule 56(e) from the 1998 version, when Rand was decided, has been reorganized and renumbered with the current version of Rule 56(c).

**EASTERN DISTRICT OF CALIFORNIA LOCAL RULE REQUIREMENTS**

In accordance with Local Rule 260(a), Defendants have filed a Statement of Undisputed Facts that contains discrete, specific material facts to support their entitlement to summary judgment.  In response to this Statement, Local Rule 260(b) requires you to "reproduce the itemized facts in the Statement of Undisputed Facts and admit those facts that are undisputed and deny those that are disputed, including with each denial a citation to the particular portions of any pleading, affidavit, deposition, interrogatory answer, admission, or other document relied upon in support of that denial."  You may also "file a concise Statement of Disputed Facts, and the source thereof in the record, of all additional material facts as to which there is a genuine issue precluding summary judgment or adjudication."  Id.  You are responsible for filing all evidentiary documents cited in the opposing papers.  Id.  If additional discovery is needed to oppose summary judgment, Local Rule 260(b) requires you to "provide a specification of the particular facts on which discovery is to be had or the issues on which discovery is necessary."  See also Fed. R. Civ. P. 56(d).

IT IS SO ORDERED.

Dated:   **April 3, 2017**                         **/s/ Gary S. Austin**
                                         UNITED STATES MAGISTRATE JUDGE