UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| MARK S. SOKOLSKY, | 1:13-cv-02044-LJO-GSA-PC |
|---|---|
| Plaintiff, | ORDER CLARIFYING PLAINTIFF'S CLAIMS AND PERMITTING FURTHER BRIEFING ON PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT |
| vs. | |
| STATE OF CALIFORNIA, et al., | (ECF No. 61.) |
| Defendants. | |

## I. BACKGROUND

Plaintiff is a civil detainee proceeding *pro se* in a civil rights action pursuant to 42 U.S.C. § 1983. Plaintiff filed the Complaint commencing this action on December 16, 2013. (ECF No. 1.) On September 11, 2014, Plaintiff filed the First Amended Complaint as a matter of course. (ECF No. 9.) On July 27, 2015, the court issued an order finding cognizable claims in the First Amended Complaint and requiring Plaintiff to either notify the court of his willingness to proceed only on the cognizable claims, or file a Second Amended Complaint. (ECF No. 16.) On August 10, 2015, Plaintiff notified the court that he wished to proceed only with the claims found cognizable by the court, namely: (1) free exercise of religion claims under the First Amendment and RLUIPA against defendants Domrese, Coyne, King, Meek, Porter, and Bonsu, and (2) substantive due process claim under the Fourteenth Amendment against defendants Domrese, King, Porter, and Bonsu, "for their alleged failure to provide

1

medically appropriate food with respect to his CVID condition," labeled a condition of confinement claim. (ECF No. 15.) The court then issued orders dismissing all other claims and defendants from this action and initiating service of process by the United States Marshal. (ECF Nos. 18, 20.)

On January 14, 2016, Plaintiff requested leave to amend the complaint to substitute the correct names of Defendants being sued in their official capacities. (ECF No. 28.) Plaintiff submitted a proposed Second Amended Complaint in which the names of the Defendants had been updated. (ECF No. 29.) On February 5, 2016, the court granted Plaintiff leave to file the Second Amended Complaint. (ECF No. 29.)

On December 23, 2016, Plaintiff filed a motion for summary judgment. (ECF No. 61.) On December 8, 2014, defendants Coyne, King, Meek, Porter, and Bonsu ("Defendants") filed an opposition to the motion. (ECF No. 65.) On March 16, 2017, Plaintiff filed a reply to the opposition. (ECF No. 67.)

## II. PLAINTIFF'S CLAIMS AT ISSUE

In their opposition to Plaintiff's motion for summary judgment, Defendants request clarification of the factual and legal allegations which Plaintiff is allowed to explore in his motion for summary judgment and further proceedings in this action. Defendants correctly state that on September 14, 2015, the court allowed Plaintiff to proceed with the First Amended Complaint with only certain claims and defendants. Defendants also correctly note that the Second Amended Complaint includes claims that were dismissed by the court on September 14, 2015.

This case now proceeds with Plaintiff's Second Amended Complaint, filed on February 4, 2016. (ECF No. 30.) In addition, Plaintiff's claims and defendants dismissed from this action on September 14, 2015, remain dismissed. (ECF No. 18.) Thus, the case now proceeds only with the claims found cognizable by the court, namely: (1) free exercise of religion claims under the First Amendment and RLUIPA against defendants Domrese, Coyne, King, Meek, Porter, and Bonsu, and (2) substantive due process claim under the Fourteenth Amendment against defendants Domrese, King, Porter, and Bonsu, "for their alleged failure to provide

medically appropriate food with respect to his CVID condition," labeled a condition of confinement claim.[1]

Additionally in their opposition, Defendants opposed Plaintiff's claims concerning Kosher foods using <u>only</u> First Amendment standards, and opposed Plaintiff's claims concerning Jewish celebrations and observances using <u>only</u> RLUIPA standards. In explanation of this division in their analysis, Defendants assert that in the SAC Plaintiff does not specify what law he claims was violated by any particular fact pattern, but in the motion for summary judgment, Plaintiff alleges that his First Amendment right to free exercise of religion was violated when he was not provided a proper Kosher diet, while his religious exercise rights under RLUIPA were violated when he was not allowed to fully participate in particular religious obligations. The court does not find such a clear division of law used by Plaintiff in the motion for summary judgment and nevertheless, the court turns to Plaintiff's SAC and the court's screening orders to determine Plaintiff's claims. The SAC does not specify that one law or the other, First Amendment or RLUIPA, applies to particular allegations. Therefore, the court shall consider both laws as they apply to all of Plaintiff's free exercise allegations, whether they concern Kosher foods or Jewish holidays and observances.

Due to this clarification of Plaintiff's claims, Defendants shall be granted sixty days to submit additional briefing in response to Plaintiff's motion for summary judgment, addressing the First Amendment and RLUIPA with respect to all of Plaintiff's free exercise allegations. Plaintiff may then file a reply to Defendants' briefing, should they file one, within thirty days of the date of filing of their briefing.

### III. CONCLUSION

Based on the foregoing, IT IS HEREBY ORDERED that:

1. This case now proceeds with the Second Amended Complaint filed on February 4, 2016, on the following claims and defendants: (1) free exercise of religion

---

[1] The court's February 5, 2016, order permitted Plaintiff to file the Second Amended Complaint only for the purpose of substituting the proper parties' names as defendants. As the order states, "Plaintiff has submitted a Second Amended Complaint in which he has taken the First Amended Complaint and amended the proper parties." (ECF No. 29.)

claims under the First Amendment and RLUIPA against defendants Domrese, Coyne, King, Meek, Porter, and Bonsu, and (2) substantive due process claims under the Fourteenth Amendment against defendants Domrese, King, Porter, and Bonsu, "for their alleged failure to provide medically appropriate food with respect to [Plaintiff's] CVID condition;"

2. Defendants are granted sixty days from the date of service of this order to submit additional briefing in response to Plaintiff's motion for summary judgment, addressing the First Amendment and RLUIPA with respect to all of Plaintiff's free exercise allegations; and

3. Plaintiff may file a reply to Defendants' briefing within thirty days of the date of filing of the Defendant's brief.

IT IS SO ORDERED.

Dated: **June 28, 2017**     **/s/ Gary S. Austin**
                             UNITED STATES MAGISTRATE JUDGE