UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MARK S. SOKOLSKY,<br><br>Plaintiff,<br><br>vs.<br><br>STATE OF CALIFORNIA, et al.,<br><br>Defendants. | 1:13-cv-02044-LJO-GSA-PC<br><br>**ORDER DENYING PLAINTIFF'S REQUEST FOR SERVICE BY THE COURT**<br><br>**ORDER DENYING PLAINTIFF'S MOTION FOR STAY**<br><br>**(ECF No. 71.)** |

I. **BACKGROUND**

Plaintiff is a civil detainee housed at Coalinga State Hospital (CSH), proceeding *pro se* in this civil rights action pursuant to 42 U.S.C. § 1983. This case now proceeds on Plaintiff's Second Amended Complaint, filed on February 4, 2016, against defendants Domrese,[1] King, Meek, Porter, and Bonsu, for denial of free exercise of religion under the First Amendment and violation of RLUIPA; and defendants Domrese, King, Porter, and Bonsu for violation of due process relating to conditions of confinement. (ECF No. 30.)

On March 30, 2017, Defendants Meek, King, Porter, Coyne,[2] and Bonsu ("Defendants") filed a motion for summary judgment or partial summary judgment. (ECF No. 68.) On April 3, 2017, the court issued an order providing Plaintiff with a Rand Warning,

---

[1] To date, defendant Domrese has not been served with process.

[2] Defendant Christine Coyne was dismissed from this case on May 25, 2016. (ECF No. 39.)

1

notifying him of the requirements for opposing Defendants' motion. (ECF No. 70.) On April 24, 2017, Plaintiff filed a document titled "Plaintiff's Objection to Rand Warning (Objection)," in which Plaintiff claims that he has not been served with the motion for summary judgment. (ECF No. 71.) Plaintiff also requests a thirty-day stay of the proceedings in this action to allow him time to obtain private counsel. (Id.) On May 26, 2017, Defendants filed a response to Plaintiff's Objections. (ECF No. 76.) Plaintiff did not file a reply.

## II.    SERVICE OF DEFENDANTS' MOTION FOR SUMMARY JUDGMENT

Plaintiff claims that he "has not been served with any motion for summary judgment." (ECF No. 71 at 1:26.) Plaintiff asserts that Defendants attempted to send him a box that violated the Administrative Directives of CSH, which permit patients to "have a *total* of three inches of paper when stacked." (Id. at 2:2.) Plaintiff states that when such a box is delivered, he is forced to stand in a long line for over three hours, only to be rejected because of the quantity of documents. Plaintiff requests that the court serve him with the motion for summary judgment by CD.

Defendants provide evidence that they served Plaintiff with the motion for summary judgment by mail, but Plaintiff refused delivery of the package. (ECF No. 68 #6; Exh. A. to ECF No. 76.) Defendants also provide evidence that the box they sent to Plaintiff did not exceed the size limits allowed by CSH. (Exh. A to ECF No. 76.) Defendants submit the declaration of Kenneth Bell, Hospital Police Lieutenant for CSH, who declares that CSH "has no directive that limits patients to three inches of paper when stacked;" "[t]he amount of paper documents which a patient may possess is based on the whole quantity of their personal property;" and "patients are allowed one bin of personal property and one bin of legal material to be stored in the Patient Property area of the hospital and patients may schedule appointments Monday through Friday to go through their property stored in Patient Property." (ECF No. 76-1 ¶¶4-6.) Lieutenant Bell has provided copies of the applicable CSH Administrative Directives and the Department of State Hospitals Statewide Property Contraband List. (ECF No. 76-1.) Defendants state that they are working with officials at CSH to ensure that Plaintiff is given and allowed to possess Defendants' motion for summary judgment and the attendant documents

and will file a new proof of service when the motion has been served again. (ECF No. 76 at 5:1-4.)

Given that Defendants have stated their intention to re-serve the motion for summary judgment on Plaintiff and file a new proof of service, Plaintiff's request for the court to serve the motion for summary judgment on him by CD shall be denied.

Plaintiff is advised that his response to the motion for summary judgment is due no later than 21 days after service of the motion. Local Rule 230(*l*).

## II. MOTION FOR STAY

Plaintiff requests a stay of the proceedings in this case for thirty days, to allow him time to seek private counsel to represent him in this matter. The court does not lightly stay litigation, due to the possibility of prejudice to defendants, and here, more than thirty days have passed since Plaintiff requested the thirty-day stay, causing his request to be moot. Therefore, Plaintiff's motion for stay shall be denied as moot.

Plaintiff is advised that a stay of the proceedings is not his only remedy. In the future, if Plaintiff requires additional time to meet a deadline or respond to a court order, he should file a motion for extension of time before the expiration of the existing deadline.

## III. CONCLUSION

Based on the foregoing, IT IS HEREBY ORDERED that:

1. Plaintiff's request for the court to serve him with Defendants' motion for summary judgment by CD, filed on April 24, 2017, is DENIED; and

2. Plaintiff's motion for a thirty-day stay of the proceedings in this action is DENIED as moot.

IT IS SO ORDERED.

Dated: **August 6, 2017**           **/s/ Gary S. Austin**
                                    UNITED STATES MAGISTRATE JUDGE