# UNITED STATES DISTRICT COURT

## EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MARK S. SOKOLSKY,<br><br>　　　　Plaintiff,<br><br>　　vs.<br><br>STATE OF CALIFORNIA, et al.,<br><br>　　　　Defendants. | 1:13-cv-02044-LJO-GSA-PC<br><br>ORDER STRIKING OBJECTIONS FOR LACK OF APPROPRIATE SIGNATURE<br>(ECF No. 87.)<br><br>ORDER GRANTING PLAINTIFF TWENTY DAYS IN WHICH TO FILE NEW OBJECTIONS BEARING HIS HANDWRITTEN SIGNATURE<br>(ECF No. 84.)<br><br>TWENTY-DAY DEADLINE |

　　　　Mark S. Sokolsky ("Plaintiff") is a civil detainee proceeding pro se and in forma pauperis with this civil rights action pursuant to 42 U.S.C. § 1983.

　　　　On October 6, 2017, Plaintiff filed objections to the Magistrate Judge's findings and recommendations that were issued on September 21, 2017. (ECF No. 87.) In the objections, Plaintiff indicates that he is associated with "Attorney Kilgore," who expects to represent Plaintiff after gaining admission to the United States District Court for the Eastern District of California.

　　　　Plaintiff is advised that to substitute an attorney in place of himself as attorney of record, Plaintiff must submit a substitution of attorneys document to the court setting forth the full name and address of the new attorney, and signed by Plaintiff (as the withdrawing attorney and client) and the new attorney. Local Rule 182(g). "All substitutions of attorneys shall require the approval of the Court, and the words **'IT IS SO ORDERED**' with spaces

1

designated for the date and signature of the Judge affixed at the end of each substitution of attorneys." Id.

Plaintiff has not handwritten his signature on the objections. Instead, Plaintiff's signature on the objections is typewritten as "/s/ Mark S. Sokolsky." (Id. at 1, 4.) This signature does not comply with Local Rules. As a pro se litigant, Plaintiff is required to handwrite his signature on all documents submitted to the court. Pursuant to Local Rule 131(b):

> All pleadings and non-evidentiary documents shall be signed by the individual attorney for the party presenting them, or by the party involved if that party is appearing in propria persona. Affidavits and certifications shall be signed by the person executing the document. The name of the person signing the document shall be typed or printed underneath the signature. See Fed. R. Civ. P. 11.

Local Rule 31(c) allows attorneys to file documents electronically using a signature in the format shown by this example: "/s/ John M. Barrister, Esquire." However, Plaintiff, who is representing himself, is not permitted to submit only a typewritten signature. Accordingly, Plaintiff's objections, filed on October 6, 2017, shall be stricken from the record for lack of appropriate signature. Plaintiff shall be granted twenty days in which to file new objections, bearing his handwritten signature.

Based on the foregoing, IT IS HEREBY ORDERED that:

1. Plaintiff's objections to the Magistrate Judge's findings and recommendations, filed on October 6, 2017, are STRICKEN from the record for lack of appropriate signature; and
2. Plaintiff may file new objections, bearing his handwritten signature, within twenty days of the date of service of this order.

IT IS SO ORDERED.

Dated: __**October 12, 2017**__         _____**/s/ Gary S. Austin**
                                              UNITED STATES MAGISTRATE JUDGE